UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:20-cr-00009-SEB-VTW-1 |
| ) | |
| KEVIN SMYZER, JR., ) | |
| ) | |
| Defendant. ) | |

**ORDER DENYING EMERGENCY MOTION FOR RELEASE
FROM DETENTION BASED UPON THE COVID-19 PANDEMIC**

This matter is before the Court on Defendant, Kevin Smyzer, Jr.'s, ("Smyzer") Second Motion for Release from Pretrial Detention (Filing No. 36). Smyzer asks that the Court grant him release from pretrial detention due to the Coronavirus ("COVID-19") pandemic. The Government filed its Response in Opposition on January 7, 2021. (Filing No. 40.) For the following reasons, the Motion is **denied**.

### I. BACKGROUND

Smyzer, a 31-year-old male, is presently detained at Floyd County Jail in Indiana. On June 25, 2020, Smyzer was charged by Indictment with one count of Possession with Intent to Distribute 100 Grams or More of a Mixture or Substance Containing a Detectable Amount of Heroin, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(B), and one count of Possession With Intent to Distribute Cocaine, 21 U.S.C. § 841(a)(1) and 841(b)(1)(C). (Filing No. 1.) He was arrested and appeared before the Magistrate Judge via video conference for an initial hearing on July 16, 2020. The Government requested detention of Smyzer, and a detention hearing via video conference was held the following day, July 17, 2020. (Filing No. 19.) At the detention hearing, the Magistrate Judge granted the Government's oral motion for pretrial detention and Smyzer was remanded to

the custody of the U.S. Marshal.  (Filing No. 22; Filing No. 23.)  The Magistrate Judge determined by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.  (Filing No. 22 at 2.)  The Court cited as reasons for detention that (1) the weight of the evidence is strong, (2) subject to lengthy period of incarceration if convicted, (3) prior criminal history, (4) participation in criminal activity while on probation, parole, or supervision, (5) history of violence or use of weapons, (6) prior failure to appear in court as ordered, and (7) prior attempt(s) to evade law enforcement.  (Filing No. 22 at 2-3.)

Smyzer requests temporary release to home incarceration because he has high blood pressure, and "has not been outside in the sunlight … and, …, probably has a vitamin D deficiency," and he has a "heart irregularity."  Smyzer adds that he is at a "high risk of serious medical issues and/or even death" if he contracts COVID-19 because he is African American and is "[i]n all probability…more susceptible to contracting COVID-19 and dying".  (Filing No. 36-1 at 2.)  Smyzer asks that he be released temporarily to home confinement with GPS monitoring, where he could be quarantined to his home.  He proffers that he would reside with his brother at his home located in Floyd County, Indiana.

## II.  ANALYSIS

As an initial matter, the Court determines that a hearing is not necessary.  When a criminal defendant appears before a judicial officer, the judicial officer must order the "pretrial release" of the person, subject to certain conditions, unless "the judicial officer determines that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person in the community."  18 U.S.C. § 3142(b).  The judicial officer "may, by subsequent order, permit the temporary release of the person … to the extent that the judicial

officer determines such release to be necessary for preparation of the person's defense or for another compelling reason." *Id.* § 3142(i).

The Government opposes Smyzer's release arguing that his release under any circumstances represents an unacceptable danger to our community and a substantial risk of nonappearance, as his offense conduct took place during the pandemic and during a state wide lock down. The Government argues there is no reason for this Court to believe that he will not re-offend under the pretense of fear of infection. The Government asserts that Smyzer has no verifiable medical conditions and there is nothing in his reported history until the filing of the instant motion that he has either high blood pressure or a heart irregularity. (Filing No. 40 at 2.) In addition, the Government states that Smyzer has a serious criminal history, beginning at age 13, and by age 19, he had secured five felony convictions as an adult for offenses such as theft and evading police, habitual violations of state drug laws in Kentucky, and several revocations of his probation. *Id*. at 5. The Government points out that if convicted, Smyzer faces a 5 to 40 year prison sentence, which provides incentive for him to not appear for trial. *Id*.

At the Court's request, the United States Probation Office has assessed whether any conditions or combination of conditions would ensure safety of the community if Smyzer were released due to the COVID-19 pandemic. According to the actuarial tables in the probation Risk Instrument, Smyzer is a risk Category 4. He has a 6% chance of failing to appear; a 9% chance of obtaining a new criminal arrest; a 15% chance of having a technical violation; and an overall risk of violating release conditions of 29%. The risk Category 4 indicates that Smyzer is a relatively high risk of flight and/or danger to the community. (Filing No. 39.) The probation officer recommends continued detention.

It is undisputed that the entire United States—including Indiana and Kentucky—is in the midst of a COVID-19 pandemic. Smyzer seeks release from pretrial detention because the COVID-19 virus results in serious illness in those with underlying health conditions. Smyzer cites his high blood pressure, heart irregularity, and possible vitamin D deficiency as the bases for his release. These conditions have been deemed to put individuals more at risk.

The instant Motion is Smyzer's second request for release from pretrial detention based on COVID-19 concerns while incarcerated. On September 21, 2020, a Magistrate Judge reviewed and denied the first request. On December 30, 2020, Smyzer filed the instant Motion for release from detention based on the COVID-19 virus. In support of his motion, he cites his high blood pressure, a possible Vitamin D deficiency, and a heart irregularity, as factors that place him in a higher risk category for COVID-19 complications. However, according to the medical staff at the Floyd County Jail, Smyzer tested negative for the COVID-19 virus on December 17, 2020, and he is not currently being treated for any medical conditions. The Court does not believe the Smyzer's circumstances have changed since his last review, to an extent that would warrant his release from detention.

Although Smyzer is at risk for contracting COVID-19 while incarcerated, so is everyone else in the facility. His prior criminal record is concerning, especially that he has two separate felony drug trafficking and firearm possession cases pending in the Jefferson Circuit Court, Louisville KY; as well as felony drug dealing and firearm possession charges pending in Clark County Circuit Court, Jeffersonville, IN. It is likely he would be taken into custody on one of his pending state court cases if released in this case. The fact that Smyzer is facing multiple criminal charges in multiple states increases the incentive to flee if he were released from custody. Finally, the resources of the United States Probation Office are presently limited, and the Court finds no

combination of conditions exist that will ensure the safety of the community if Smyzer is released.

Therefore, his Motion is **denied.**

### III.  CONCLUSION

For the reasons set forth above, Smyzer's Second Motion for Release from Pretrial Detention ([Filing No. 36](#)), is **DENIED**

**SO ORDERED.**

Date:  1/8/2021

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Alan W. Roles
COLEMAN ROLES & ASSOCIATES, PLLC
alanwroles@yahoo.com

Lauren Wheatley
UNITED STATES ATTORNEY'S OFFICE
lauren.wheatley@usdoj.gov